IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

RYAN LEWIS, Register No. 1118733, )
)
                 Plaintiff, )
)
            v. )    No. 07-4107-CV-C-NKL
)
DAVE DORMIRE, et al., )
)
                 Defendants. )

**REPORT AND RECOMMENDATION**

      On September 17, 2007, defendants filed a motion to dismiss plaintiff's claims, arguing plaintiff failed to exhaust his administrative remedies prior to filing this federal lawsuit and for failure to state a claim on which relief can be granted under 42 U.S.C. § 1983.[1]

      Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Exhaustion of all administrative remedies as set forth by the Missouri Department of Corrections Offender Grievance Procedures must be completed prior to a prisoner filing suit. See Johnson v. Jones, 340 F.3d 624, 628 (8th Cir. 2003) (dismissal is required under section 1997e(a) if an inmate has failed to exhaust all available administrative remedies *prior* to filing suit). When multiple prison conditions claims have been joined, the plain language of section 1997e(a) requires that all available prison grievance remedies must be exhausted as to all claims on which a prisoner is seeking relief. Graves v. Norris, 218 F.3d 884, 885 (8th Cir. 2000) (per curiam). Exhaustion of all administrative remedies means that a prisoner must use all steps that the Department of Corrections requires and must follow such steps properly. Woodford v. Ngo, ___ U.S. ___, 126 S. Ct. 2378 (2006) (section 1997e(a)

---

      [1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

requires proper exhaustion of administrative remedies). A prisoner must complete the administrative review process in accordance with applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court. Id.

Plaintiff has failed to show he exhausted his administrative remedies on his claims prior to filing this federal lawsuit. Plaintiff's January 11, 2008 request for additional time to respond is denied. Plaintiff has had five months to respond to defendants' motion, which is more than adequate time. Moreover, the court finds no merit for plaintiff's argument that in order to respond he needs the court to order the prison to allow him a special canteen spend. Plaintiff had sufficient postage, paper and pen to send his request for additional time, which plaintiff could have used to file his response to defendants' motion to dismiss.

Because this court finds plaintiff failed to exhaust his administrative remedies prior to filing suit, it is unnecessary for the court, at this time, to address the merits of defendants' motion to dismiss for failure to state a claim.

A review of the record indicates defendants Turner, Powell and three John Does have has not been served with process. Rule 4(m), Federal Rules of Civil Procedure, provides:

> If a defendant is not served within 120 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Plaintiff was granted leave to proceed in forma pauperis on July 17, 2007. Here, it has been more than 120 days since plaintiff's complaint was filed naming these defendants. Plaintiff has not provided addresses for service of process or identified the John Doe defendants. Neither has plaintiff requested an extension of time nor shown good cause why the time for service should be extended.

IT IS, THEREFORE, RECOMMENDED that plaintiff's claims against the John Doe defendants and defendants Turner and Powell be dismissed, pursuant to Fed. R. Civ. P. 4(m). It is further

2

RECOMMENDED that defendants' motion to dismiss be granted and plaintiff's claims be dismissed for failure to exhaust administrative remedies as required under 42 U.S.C. 1997e. [14]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 28th day of February, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge